UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| DENIA WILBURN, Individually and for Others Similarly Situated <br><br> v. <br><br> ONSLOW MEMORIAL HOSPITAL, INC | Case No. _____ <br><br> Jury Trial Demanded <br> Collective Action Pursuant <br> to 29 U.S.C. § 216(b) |

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

**REPRESENTATIVE PLAINTIFF DENIA WILBURN, INDIVIDUALLY AND ON BEHALF OF ALL OTHER SIMILARLY-SITUATED EMPLOYEES, BY AND THROUGH COUNSEL, BRINGS CLAIMS AS A COLLECTIVE ACTION PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 ET. SEQ., (THE "FLSA") AND CLASS ACTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 23 AND THE NORTH CAROLINA WAGE AND HOUR ACT (THE "NCWHA"), N.C. GEN. STAT. ANN. §§ 95-25.1 TO 95-25.25, AGAINST DEFENDANT ONSLOW MEMORIAL HOSPITAL. TO REDRESS DEFENDANT'S VIOLATIONS OF THE FLSA AND NCWHA.**

### SUMMARY

1. Denia Wilburn (Wilburn) brings this class and collective action to recover unpaid overtime and other damages from Defendant Onslow Memorial Hospital, Inc. (Onslow Memorial).

2. Wilburn worked for Onslow Memorial as a CNA in Jacksonville, North Carolina.

3. Like the Putative Class Members (as defined below), Wilburn regularly worked more than 40 hours in a week.

4. But Onslow Memorial did not pay for all the hours they worked.

5. Instead, Onslow Memorial automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

6. Wilburn and the Putative Class Members were thus not paid for that time.

7. But Onslow Memorial fails to provide Wilburn and the Putative Class Members with *bona fide* meal breaks.

8. Instead, Onslow Memorial requires Wilburn and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

9. Onslow Memorial's auto-deduction policy violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq.*, and the North Carolina Wage and Hour Act (NCWHA), O N.C. Gen. Stat. Ann. §§ 95-25.1, *et seq.*, by depriving Wilburn and the Putative Class Members of overtime pay for all overtime hours worked. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The North Carolina Wage and Hour Act claims are brought as a class action pursuant to Federal Rule of Civil Procedure 23.

## JURISDICTION & VENUE

10. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

11. This Court has general personal jurisdiction over Onslow Memorial because it is located in Jacksonville, North Carolina.

12. This Court has general personal jurisdiction over Onslow Memorial because it is located in Jacksonville, North Carolina.

13. The Court also has supplemental jurisdiction over the state-law subclass claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

14. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant maintains its headquarters in this District.

## PARTIES

15. Wilburn worked for Onslow Memorial as a CNA in Jacksonville, North Carolina from approximately September 2023 until July 2024.

2

16. Throughout her employment, Onslow Memorial classified Wilburn as non-exempt and paid her on an hourly basis.

17. But Onslow Memorial subjected Wilburn to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

18. Wilburn's written consent is attached as **Exhibit 1**.

19. Wilburn brings this action on behalf of herself and other similarly situated hourly, non-exempt Onslow Memorial employees who were subject to Onslow Memorial's automatic meal break deduction policy.

20. Onslow Memorial uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including their unpaid "meal breaks."

21. The FLSA collective of similarly situated employees is defined as:

> **All hourly, non-exempt Onslow Memorial employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective").**

22. Second, Wilburn represents a class of similarly situated hourly non-exempt workers under the North Carolina Wage and Hour Act pursuant to Federal Rule of Civil Procedure 23.

23. The North Carolina Wage and Hour Act Class is defined as:

> **All hourly, non-exempt Onslow Memorial employees who received an automatic meal period deduction at any time during the past 2 years in North Carolina ("North Carolina Class").**

24. Collectively, the FLSA Collective and North Carolina Class is defined as the Putative Class or Putative Class Members.

25. Onslow Memorial is a North Carolina corporation and maintains its headquarters in Jacksonville, North Carolina.

26. Onslow Memorial may be served with process by serving its registered agent: **Penney Burlingame Deal, 317 Western Boulevard, Jacksonville, NC 28546.**

## COVERAGE UNDER THE FLSA

27. At all relevant times, Onslow Memorial was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

28. At all relevant times, Onslow Memorial, as an institution primarily engaged in healthcare, was an enterprise within the meaning of Section 3(r)(2)(A) of the FLSA, 29 U.S.C. § 203(r)(2)(A).

29. At all relevant times, Onslow Memorial was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

30. At all relevant times, Onslow Memorial has had an annual gross volume of sales made or business done of not less than $500,000 each year.

31. At all relevant times, Wilburn and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

32. Onslow Memorial uniformly deducted 30 minutes/shift from Wilburn and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

33. As a result, Onslow Memorial failed to pay Wilburn and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

34. Onslow Memorial's automatic meal break deduction policy, which deprives Wilburn and the Putative Class Members of overtime compensation for the weeks in which these workers work over 40 hours, is, in of itself, a violation of the FLSA. 29 U.S.C. § 207(a) & (e).

## FACTUAL ALLEGATIONS

35. Onslow Memorial Hospital is a community hospital located in Jacksonville, North Carolina.

36. To complete its business objectives, Onslow Memorial employs patient care workers, including Wilburn and the Putative Class Members, to provide patient care services and treat patients in its facility.

37. Onslow Memorial classifies these employees as non-exempt from overtime and pays them on an hourly basis.

38. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

39. For example, Wilburn worked for Onslow Memorial as a CNA from approximately September 2023 until July 2024.

40. Onslow Memorial Hospital agreed to pay Wilburn $16.58 per hour for straight time hours worked.

41. As a CNA, Wilburn's primary responsibilities included providing healthcare services, facilitating patient care, and responding to patient emergencies.

42. Throughout her employment, Onslow Memorial subjected Wilburn to its common practice of automatically deducting 30 minutes from her recorded hours worked and wages each shift for meal breaks, regardless of whether she actually received a *bona fide* meal break.

43. Wilburn and the Putative Class Members performed their jobs under Onslow Memorial's supervision, and using materials, equipment, and technology approved and supplied by Onslow Memorial.

44. Onslow Memorial requires Wilburn and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

45. At the end of each pay period, Wilburn and the Putative Class Members received wages from Onslow Memorial that were determined by common systems and methods that Onslow Memorial selected and controlled.

46. Further, Onslow Memorial subjects its hourly, non-exempt employees, including Wilburn and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

47. Specifically, Onslow Memorial automatically deducts 30 minutes from Wilburn, and the Putative Class Members' time records each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

48. But Onslow Memorial fails to provide Wilburn and the Putative Class Members with *bona fide* meal periods.

49. Instead, Onslow Memorial requires Wilburn and the Putative Class Members to remain on-duty and working throughout their shifts, continuously subjecting them to interruptions, including during their unpaid meal periods.

50. This unpaid time is compensable under the FLSA and the North Carolina Wage and Hour Act, because Onslow Memorial knew, or should have known, that (1) Wilburn and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they entirely skipped the meal period due to work demands, and/or (4) the meal period was less than 30 minutes.

51. Onslow Memorial failed to exercise its duty to ensure Wilburn and the Putative Class Members were not performing work that Onslow Memorial did not want performed during their unpaid "meal breaks."

52. Despite accepting the benefits, Onslow Memorial did not pay Wilburn and the Putative Class Members for the compensable work they performed during their "meal breaks."

53. Thus, under Onslow Memorial's uniform automatic meal break deduction policy, Wilburn and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA and the North Carolina Wage and Hour Act.

54. Onslow Memorial knows Wilburn and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because Onslow Memorial expects and requires these employees to do so.

55. But Onslow Memorial does not pay Wilburn and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA.

56. Wilburn worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

57. Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the three years before this Complaint was filed.

58. Indeed, Onslow Memorial typically schedules Wilburn to work 12-hour shifts for 4 days a week.

59. Onslow Memorial typically schedules Putative Class Members to work 12-hour shifts for 4 days a week.

60. And Wilburn and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" in order to complete their job duties and patient care responsibilities.

61. As a result, Wilburn and the Putative Class Members work in excess of 40 hours in a typical workweek.

62. When Wilburn and the Putative Class Members worked more than 40 hours in a workweek, Onslow Memorial did not pay them 1.5 times their regular hourly rate for all overtime hours worked due to Onslow Memorial's failure to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

63. Onslow Memorial knew, or should have known, it was subject to the FLSA and the North Carolina Wage and Hour Act, including its overtime provisions.

64. Onslow Memorial knew, or should have known, the FLSA and the North Carolina Wage and Hour Act, requires it to pay employees, including Wilburn and the Putative Class Members, overtime at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 hours in a workweek.

65. Onslow Memorial knew, or should have known, Wilburn and the Putative Class Members worked more than 40 hours in a week.

66. Onslow Memorial knew, or should have known, Wilburn and the Putative Class Members regularly worked during their unpaid meal breaks because Onslow Memorial expected and required them to do so.

67. Onslow Memorial knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA and the North Carolina Wage and Hour Act.

68. Onslow Memorial knowingly, willfully, and/or in reckless disregard carried out this illegal automatic deduction policy that deprived Wilburn and the Putative Class Members of overtime compensation in violation of the FLSA and the North Carolina Wage and Hour Act.

69. Nonetheless, Onslow Memorial failed to pay Wilburn and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

70. Onslow Memorial's failure to pay overtime compensation to Wilburn and the Putative Class Members was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

## CAUSES OF ACTION
## VIOLATIONS OF THE FLSA

71. Wilburn realleges and incorporates all other paragraphs by reference.

72. Wilburn brings her FLSA claim as a collective action under 29 U.S.C. § 216(b).

73. Onslow Memorial violated, and is violating, the FLSA by failing to pay Wilburn and the Putative Class Members overtime for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

74. Throughout the relevant period, Onslow Memorial expected and required Wilburn and the Putative Class Members to remain on-duty and be available to work during their unpaid meal breaks and outside of their scheduled shifts.

75. Wilburn and the Putative Class Members have been harmed as a direct and proximate result of Onslow Memorial's unlawful conduct because they have been deprived of wages owed for work that they performed and from which Onslow Memorial derived a direct and substantial benefit.

76. Onslow Memorial knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Wilburn and the Putative Class Members overtime compensation.

9

77. Onslow Memorial's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

78. Accordingly, Wilburn and the Putative Class Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

## VIOLATIONS OF THE NORTH CAROLINA WAGE AND HOUR ACT

79. All of the preceding paragraphs are realleged herein.

80. Wilburn and the North Carolina Rule 23 Class Members were employed by Onslow Memorial.

81. During all relevant times, Onslow Memorial was an "employer" pursuant to the NCWHA, and Plaintiff and the North Carolina Class are "employee[s]" of Onslow Memorial within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2.

82. Wilburn and the North Carolina Class are not exempt from the wage payment requirements of the NCWHA.

83. Under the NCWHA, N.C. Gen. Stat. § 95-25.6, "[e]very employer shall pay every employee all wages and tips accruing to the employee on the regular payday."

84. Onslow Memorial's failure to pay for missed, non-taken, or uninterrupted non-*bona fide* meal breaks resulted in Onslow Memorial's failure to pay its employees "all wages accruing" to its employees on "the regular payday." Consequently, Wilburn and the North Carolina Class have been illegally deprived of payment of all wages in violation of the NCWHA, N.C. Gen. Stat. § 95-25.6.

85. Onslow Memorial's failure to pay Wilburn and the North Carolina Class all wages due, despite that Onslow Memorial knew or should have known about its obligations under the NCWHA,

entitles Wilburn and the North Carolina Class to liquidated damages equal to the amount of unpaid wages, pursuant to the NCWHA, N.C. Gen. Stat. § 95-25.22 (a1).

86. For these reasons, Wilburn and the North Carolina Class are entitled to their unpaid wages, liquidated damages, pre-judgment interest, and attorneys' fees and costs, pursuant to NCWHA, N.C. Gen. Stat. § 95-25.6, 95.25.22(a), (a1), and (d).

## CLASS AND COLLECTIVE ALLEGATIONS

87. Wilburn brings her claims as a class and collective action under the FLSA and the North Carolina Wage and Hour Act.

88. The Putative Class Members were victimized by Onslow Memorial's pattern, practice, and/or policy which is in willful violation of the FLSA and the North Carolina Wage and Hour Act.

89. Other Putative Class Members worked with Wilburn and indicated they were paid in the same manner, performed similar work, and were subject to Onslow Memorial's same automatic meal break deduction policy.

90. Based on her experiences with Onslow Memorial, Wilburn is aware Onslow Memorial's illegal practices were imposed on the Putative Class Members.

91. The Putative Class Members are similarly situated in all relevant respects.

92. Even if their precise job duties might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

93. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

94. Rather, the class is held together by Onslow Memorial's uniform automatic meal break deduction policy that systematically deprived Wilburn and the Putative Class Members of overtime pay for all hours worked in excess of 40 hours in a workweek.

95. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

96. The overtime owed to Wilburn, and the Putative Class Members will be calculated using the same records and using the same formula.

97. Wilburn's experiences are therefore typical of the experiences of the Putative Class Members.

98. Wilburn has no interest contrary to, or in conflict with, the Putative Class Members that would prevent class or collective treatment.

99. Like each Putative Class Member, Wilburn has an interest in obtaining the unpaid overtime wages owed under federal law.

100. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

101. Absent a class and collective action, many Putative Class Members will not obtain redress for their injuries and Onslow Memorial will reap the unjust benefits of violating the FLSA and the North Carolina Wage and Hour Act.

102. Further, even if some of the Putative Class Members could afford individual litigation against Onslow Memorial, it would be unduly burdensome to the judicial system.

103. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members, as well as provide judicial consistency.

104. The questions of law and fact that are common to each Putative Class Member predominate over any questions affecting solely the individual members.

105. Among the common questions of law and fact are:

    a. Whether Onslow Memorial engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*,

        continuous, and uninterrupted in violation of the FLSA and North Carolina Wage and Hour Act;

    b.    Whether Onslow Memorial's automatic meal break deduction policy deprived Wilburn and the Putative Class Members of pay for time worked during meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and North Carolina Wage and Hour Act;

    c.    Whether Onslow Memorial failed to pay Wilburn and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and North Carolina Wage and Hour Act;

    d.    Whether Onslow Memorial knew, or had reason to know, Wilburn and the Putative Class Members were requested, suffered, permitted, or allowed to during their unpaid meal breaks in violation of the FLSA and North Carolina Wage and Hour Act; and

    e.    Whether Onslow Memorial's violations of the FLSA were willful.

106.    Wilburn and the Putative Class Members sustained damages arising out of Onslow Memorial's illegal and uniform employment policy.

107.    Wilburn knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

108.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to Onslow Memorial's records, and there is no detraction from the common nucleus of liability facts.

109. Therefore, the issue of damages does not preclude class or collective treatment.

110. Onslow Memorial is liable under the FLSA and North Carolina Wage and Hour Act for failing to pay overtime to Wilburn and the Putative Class Members.

111. Consistent with Onslow Memorial's illegal automatic meal break deduction policy, Wilburn and the Putative Class Members were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

112. As part of their regular business practices, Onslow Memorial intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and North Carolina Wage and Hour Act with respect to Wilburn and the Putative Class Members.

113. Onslow Memorial's illegal automatic meal break deduction policy deprived Wilburn and the Putative Class Members of the premium overtime wages they are owed under federal law.

114. Onslow Memorial is aware, or should have been aware, that the FLSA and North Carolina Wage and Hour Act require it to pay Wilburn and the Putative Class Members overtime premiums for all hours worked in excess of 40 hours per workweek.

115. There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA and North Carolina Wage and Hour Act who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

116. This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

117. Those similarly situated employees are known to Onslow Memorial, are readily identifiable, and can be located through Onslow Memorial's records.

## **JURY DEMAND**

118. Wilburn demands a trial by jury.

**RELIEF SOUGHT**

WHEREFORE, Wilburn, individually and on behalf of the Putative Class Members, seeks the following relief:

a. An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a North Carolina Wage and Hour Act class action on behalf of Wilburn and all members of the North Carolina Class;

c. Ordering Onslow Memorial to disclose in computer format, or in print if no computer readable format is available, the names, addresses and emails of all those individuals who are similarly situated and permitting Wilburn to send notice of this action to all those similarly situated individuals;

d. Designating the named Wilburn to act as class representative on behalf of all similarly situated employees for both the FLSA Collective and the North Carolina Class;

e. Judgment against Onslow Memorial for its failure to pay Wilburn, those similarly situated and all those appropriately joined to this matter in accordance with the standards set forth by the FLSA;

f. Judgment against Onslow Memorial for its failure to pay Wilburn, the members of the North Carolina Class and all those appropriately joined to this matter in accordance with the standards set forth by North Carolina Wage and Hour Act;

g. Judgment against Onslow Memorial and classifying its conduct as willful and not in good faith;

h. An award against Onslow Memorial for the amount of unpaid overtime wages owed to Wilburn, members of the FLSA Collective, members of the North Carolina Class, and all those appropriately joined to this matter calculated at a rate that is not less than one and a half (1.5) times Wilburn's and other class members' respective regular hourly rate for all overtime hours worked;

i. An award of liquidated damages equal to, or double, the total amounts of unpaid wages owed to Wilburn, members of the FLSA Collective, members of the classes, and all those appropriately joined to this matter, whichever is deemed just and equitable by this Honorable Court;

j. An Order pursuant to Section 16(b) of the FLSA finding Onslow Memorial liable for unpaid back wages due to Wilburn and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

k. Judgment awarding Wilburn and the Putative Class Members all unpaid overtime and other damages available under the FLSA and the North Carolina Wage and Hour Act;

l. An Order awarding attorneys' fees, costs, and expenses;

m. Pre- and post-judgment interest at the highest applicable rates; and

n. Such other and further relief as may be necessary and appropriate.

Date: May 9, 2025								Respectfully submitted,

												**By:**  */s/ Carl A. Fitz*
												      **Carl A. Fitz**
												      Tex. State Bar No. 24
												**FITZ LAW PLLC**
												3730 Kirby Drive, Ste. 1200
												Houston, Texas 77098
												Tel.: (713) 766-4000
												carl@fitz.legal

												**Lead Attorney for Plaintiff**

												*/s/ Bert J. Miano*
												Bert J. Miano
												NC State Bar No. 49813
												1213 West Morehead Street
												Fifth Floor, Unit #99
												Phone: (704) 275-7199
												Fax: (704) 630-7199
												Email: bmiano@mianolaw.com

												**Local Civil Rule 83.1(d) Attorney for Plaintiff**

17

Case 7:25-cv-00797-BO-RJ     Document 1     Filed 05/09/25     Page 17 of 17

Date: May 9, 2025												Respectfully submitted,

												**By:**  */s/ Carl A. Fitz*
												      **Carl A. Fitz**
												      Tex. State Bar No. 24
												**FITZ LAW PLLC**
												3730 Kirby Drive, Ste. 1200
												Houston, Texas 77098
												Tel.: (713) 766-4000
												carl@fitz.legal

												**Lead Attorney for Plaintiff**

												*/s/ Bert J. Miano*
												Bert J. Miano
												NC State Bar No. 49813
												1213 West Morehead Street
												Fifth Floor, Unit #99
												Phone: (704) 275-7199
												Fax: (704) 630-7199
												Email: bmiano@mianolaw.com

												**Local Civil Rule 83.1(d) Attorney for Plaintiff**