# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| DENIA WILBURN, Individually and for Others Similarly Situated, <br><br> *Plaintiff*, <br><br> v. <br><br> ONSLOW MEMORIAL HOSPITAL, INC., <br><br> *Defendant*. | Case No. 7:25-cv-00797-D-RJ |

Pursuant to 28 U.S.C. § 1746, Carl A. Fitz, hereby declares as follows:

1. My name is Carl A. Fitz, and the facts contained in this declaration are within my personal knowledge and are true and correct.

2. This Declaration is submitted in support of the parties' Joint Motion for Certification of Collective Action and Final Approval of FLSA Settlement.

**Plaintiff's Counsel's Professional Background and Experience**

3. Since May 2024, I have been the founding partner of Fitz Law PLLC ("Fitz Law"). Fitz Law is an employment law firm with a national practice representing plaintiffs specializing almost exclusively on cases involving violations of federal and state wage and hour laws. Previously I was an attorney at Josephson Dunlap LLP, where I worked in the firm's wage and hour practice.

4. I am licensed and in good standing to practice in Texas. I have been practicing civil litigation continuously since being admitted to the Texas bar in November 2017. I was also admitted to the California bar in October 2023. I have practiced law and been admitted *pro hac vice* in courts located throughout the country, including in Alaska, Arizona, Colorado, Connecticut, Florida, Georgia, Illinois, Iowa, Kentucky, Louisiana, Maine, Massachusetts, Michigan, Missouri, Nevada, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, South Carolina, Tennessee, Washington, and West Virginia. I have never been denied *pro hac vice* admission in any court and I have never had my *pro hac vice* admission revoked. Nor has a Court ever declined to conditionally certify a class or collective action based on me or my firm's adequacy as Plaintiff's Counsel.

5. Almost all of my legal practice is devoted to challenging illegal wage and hour practices on behalf of current and former employees. My practice has been a "hands-on" approach. I personally perform the case work in all stages of the litigation, from drafting the initial

complaint to discovery and motion matters, and to trial and appeal, if necessary. This "hands-on" approach has produced very favorable results in difficult and complex cases that have required a substantial amount of time, money, and effort.

6. I estimate that I have been the attorney of record as either lead counsel or co-counsel in over 200 class and collective actions, individual cases, and arbitrations seeking damages for unpaid overtime and wages based on allegations that employees worked off-the-clock, were misclassified as exempt or as independent contractors, or were the victims of regular rate and/or technical violations of both state and federal wage laws. I estimate that I have represented thousands of employees over the years and have been involved in litigating cases in almost every major industry, including against oil and gas production and service companies, health care providers, staffing companies, retailers, transportation, chemical plants, technical companies, and litigation service companies.

**Factual and Procedural Background.**

7. Plaintiff Denia Wilburn (Wilburn or Plaintiff) filed her Original Complaint on May 9, 2025, alleging wage and hour violations under the Fair Labor Standards Act and North Carolina law against Defendant Onslow Memorial Hospital, Inc. (Onslow or Defendant).

8. I have been personally involved in the litigation against Defendant on behalf of Ms. Wilburn. I have been responsible for drafting every pleading, correspondence with Defendant's Counsel, and related documents filed and exchanged during this litigation. I am deeply familiar with all the relevant facts, legal issues, and potential damages at issue in this case.

9. Prior to filing Plaintiff's Original Complaint, I spent considerable time coordinating with and interviewing Wilburn, investigating the veracity of her allegations, looking into Defendant's business and payroll practices, researching the current law relating to overtime violations of the FLSA and North Carolina state law involving automatic meal break deduction policies, reviewing PACER filings, and drafting the complaint.

10. Defendant's Counsel stated from the outset of this litigation that Defendant was ready, willing, and able to litigate this case to its conclusion. Defendant disagreed vehemently with many of the assertions in Wilburn's Complaint and vowed to defend the pay practices at issue.

11. Over the course of this litigation, the Parties fiercely contested whether Plaintiff (or the Putative Class Members) performed work that constituted compensable time under the FLSA, and whether Defendant's automatic deduction pay practice violated the FLSA.

**The Settlement Negotiations Were Informed, and the Settlement Agreement Will Provide Substantial Benefit to Plaintiffs**

12. The Parties' negotiations were conducted at arm's length, with both sides evaluating the strengths and weaknesses of their claims and defenses. Plaintiff and the Putative Class Members faced litigation risks, including challenges to certification, liability, damages, and potential appeals.

13. If this matter proceeded, there was a substantial risk that Plaintiff would not prevail on the merits of her claims. These risks were taken into account throughout settlement negotiations with Defendant's counsel. The parties negotiated at arms' length and in good faith. Ms. Wilburn approved the terms of the settlement in conjunction with the advice of their counsel.

14. Plaintiff's Counsel gathered sufficient information to adequately assess the liability issues and damages at stake in this case.

15. Under the Settlement Agreement, the settlement allocations are made on a *pro rata* basis, calculated using each Class Member's individual pay rate and workweeks worked during the Class Period, as provided by Onslow. This model ensures that each Settlement Class Member's recovery is proportionate to their alleged damages.

16. Plaintiff and the Class Members' estimated damages were calculated using a combination of their actual pay rates and number of workweeks within the statute of limitations.

17. The Settlement Agreement provides meaningful and immediate relief to Plaintiffs while avoiding the uncertainty, delay, and expense of continued litigation, including the risk of no recovery if certification was denied or if Onslow prevailed on its defenses.

18. Settlement notice was mailed and e-mailed to the 32 potential class members on January 10, 2026.

19. The gross settlement provides Wilburn and the Class Members the entirety of their backpay damages at issue under a two-year statute of limitations.

20. The net settlement payment represents greater than 80% of allegedly missed meal periods for each class member per pay period under a two-year statute of limitations.

21. Out of the thirty-two potential class members, fifteen total Class Members, including Wilburn, timely submitted a Claim Form.

22. The total net settlement is $23,969.86.

23. The net settlement provides Wilburn and the Class Members an average recovery of $1,597.99, with the maximum settlement payment being $2,000.00 and the minimum settlement payment being $177.87.

24. No potential Class Members objected to the settlement terms.

**Plaintiff's Counsel's Fee Request Is Reasonable Under the Circumstances of this Case and Given Plaintiff's Counsel's Experience**

25. Plaintiff's Counsel requests approval of attorneys' fees in the total amount of $15,000.00, which equals approximately 21.43% of the Gross Settlement Amount. This fee request is

3

Case 7:25-cv-00797-BO-RJ    Document 31-2    Filed 02/20/26    Page 3 of 4

reasonable and consistent with contingency fees typically approved in FLSA collective actions in this Circuit.

26. Plaintiff's Counsel took this case on a contingency basis, invested time, effort, and money into it without any guarantee of recovery.

27. Plaintiff's Counsel prosecuted this case on a contingency basis, investing significant time and resources without any guarantee of recovery. Counsel's efforts included substantial investigation, written discovery, depositions, and motion practice, all of which contributed to achieving this favorable result.

28. I believe that the Settlement Agreement is fair, adequate, and a reasonable compromise of the disputed claims.

29. Pursuant to the Settlement Agreement, Wilburn and the Putative Class Members will receive a sum certain, which covers unpaid overtime compensation (less income and payroll taxes) and attorneys' fees and costs. This amount is reasonable because the Parties vigorously disputed the compensability of the work performed by Plaintiff and the FLSA Class Members during their meal breaks, as well as the number of overtime hours for which Plaintiffs allege they are entitled to compensation.

30. The Settlement Agreement provides immediate and substantial relief without the attendant risks, including the burden of proof and delay of continued litigation.

31. The requested reimbursement of out of pocket costs are reasonable. To date, Plaintiff's Counsel incurred $694.46 in out of pocket costs in this case. This cost is the product of the filing fee and settlement administration costs, including printing, mailing, and postage.

32. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

**Signed on February 19, 2026.**          */s/ Carl A. Fitz*
                                                    **Carl A. Fitz**